## WALLING v. CIMI EMBROIDERY & NOVELTY CO., Inc.

District Court, S. D. New York.

Aug. 10, 1945.

Irving Rozen, Regional Attorney, Department of Labor, of New York City, for plaintiff.

Gins & Massler, of New York City, Attorneys for defendant.

RIFKIND, District Judge.

1. The plaintiff, L. Metcalfe Walling, is the duly appointed Administrator of the Wage and Hour Division, United States Department of Labor, and is qualified to bring this action.

2. The defendant is a corporation organized under the laws of the State of New York. It is the owner and operator of a place of business located at 325 West 38th Street, in the Borough of Manhattan, City and State of New York, and within the jurisdiction of this Court. The officers of said defendant corporation are Anthony Cimilluca, president; Salvatore Cimilluca, secretary; and Innocenzo Cimilluca, treasurer.

3. The defendant is presently employing approximately 55 homeworkers. The said homeworkers are engaged in the production of crochet beading and in the production of sequin trimmings.

4. The said crochet beading and sequin trimmings produced by the defendant's homeworkers are sold by the defendant directly to manufacturers of garments and to wholesalers and jobbers who, in-turn, sell to manufacturers of garments or to retailers.

5. A substantial portion of the goods produced for the defendant by its homeworkers are set into garments by the aforementioned manufacturers of the same and are thereafter shipped affixed to these garments to states outside the State of New

York. A further substantial portion of the goods produced for the defendant by its homeworkers are shipped by the aforementioned wholesalers and jobbers to customers outside the State of New York.

6. The defendant has knowledge of the fact that it sells goods to purchasers in the State of New York who, in turn, ship these goods to nearly every state in the country.

7. In the course of an inspection commenced by the Wage and Hour Division on July 1, 1941, the defendant was found to have failed to keep proper records for its homeworkers as set forth in the regulations of the Administrator promulgated pursuant to the authority of Section 11 (c) of the Act, 29 U.S.C.A. § 211(c), and found in Chapter V, Title 29, Code of Federal Regulations, Part 516, to wit, the defendant's plant record failed to include for each lot of work issued, the date and hour work was given out, the amount of work given out, the date and hour work was returned, description of the articles, description of operations, piece rates paid, hours worked on work returned, wages paid on work returned, and date of payment. The plant records further failed to include for each workweek, hours worked for each workweek, wages earned at piece rates, and extra pay for overtime. Furthermore, it was ascertained during the course of this inspection that no handbooks were actually in use by the defendant's homeworkers and the records required therein were not kept.

8. The defendant is presently failing to provide the required homework handbooks to its employees and has still failed to make, keep and preserve adequate and accurate records of its homeworkers, as prescribed by the Regulations of the Administrator fully set forth in the preceding paragraph, in that the records kept by the defendant still fail to show adequately and accurately, among other things, with respect to each lot of work issued to its homeworkers (1) the date and hour on which work is given out to the homeworker and amount of such work given out, (2) the date and hour on which work is returned by the homeworker and the amount of such work returned, (3) the operations performed, (4) the piece rates paid.

9. On August 21, 1943 the Administrator duly promulgated a wage order for the Embroideries Industry, Part 633. Section 633.3 of the said wage order contains the following terms and conditions: "No work in the Embroideries Industry, as defined herein, shall be done in or about a home, apartment, tenement, or room in a residential establishment after November 15, 1943, except by such persons as have obtained special homework certificates issued pursuant to applicable regulations of the Wage and Hour Division, authorizing industrial homework by a worker who (1) (a) is unable to adjust to factory work because of age or physical or mental disability; or (b) is unable to leave home because his presence is required to care for an invalid in the home; and (2) (a) was engaged in industrial homework in the Industry, as defined, prior to November 2, 1942 (except that if this requirement shall result in unusual hardship to the individual homeworker it shall not be applied); or (b) is at any time engaged in such industrial homework under the supervision of a State Vocational Rehabilitation Agency or of a Sheltered Workshop, as defined in Sec. 525.1, Part 525, Chapter V, Title 29, Code of Federal Regulations."

10. The Embroideries Industry to which the wage order was to apply is defined as follows in the aforementioned wage order, Section 633.5: "The production of all kinds of hand and machine-made embroideries and ornamental stitchings, including, but not by way of limitation, tucking, shirring, smocking, hemstitching, hand rolling, fagoting, Bonnaz embroidery, appliqueing, crochet beading, hand drawing, machine drawing, rhinestone trimming, sequin trimming, spangle trimming, eyelets, passementerie, pleating, the application of rhinestones and nailheads, stamping and perforating of designs, Schiffli embroidery and laces, burnt-out laces and velvets, Swiss hand-machine embroidery, thread splitting, embroidery thread cutting, scallop cutting, lace cutting, lace making-up, making-up of embroidered yard goods, straight cutting of embroidery and cutting out of embroidery, embroidery trimmings, bindings (not made in textile establishments), pipings and emblems; provided, however, that (1) the foregoing when produced or performed by a manufacturer of a garment, fabric or other article for use on such garment, fabric or other article, and (2) the manufacture of covered buttons and buckles, shall not be included."

11. The defendant, a producer of crochet beading and of sequin trimmings, is an employer in the Embroideries Indus-

try, within the definition of Section 633.5 of the wage order for the said industry.

12. The defendant is not a manufacturer of a garment, fabric or other article for use on such garment, fabric or other article and hence is not within the proviso contained in the definition of the Embroideries Industry as set forth in Section 633.5 of the wage order for the said industry.

13. The defendant corporation now has in its employ a number of homeworkers who do not have Special Homework Certificates issued pursuant to the applicable regulations of the Wage and Hour Division.

14. The defendant by reason of its violation of the record keeping provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., and by its employment of homeworkers without special homework certificates in violation of the wage order for the Embroideries Industry and its terms and conditions, is causing immediate and irreparable injury to the public at large, as well as to its employees and to other employers in the Embroideries Industry who are abiding by and complying with the said wage order and its terms and conditions. The defendant, unless restrained, will immediately and irreparably burden interstate commerce in the shipment of embroideries produced in violation of the Act, and will thus tend to defeat the purposes of the said Act and the policy of the United States disclosed in Section 2 thereof.

15. The defendant has failed to present any countervailing equities sufficient to overbalance the aforementioned immediate and irreparable injury that would be caused to the public, the defendant's employees and the employers in the Embroideries Industry should the Court fail to grant the relief sought by the plaintiff herein.

### Conclusions of Law

1. This Court has jurisdiction over the subject of, and the parties to, this action pursuant to the provisions of Section 17 of the Fair Labor Standards Act of 1938.

2. The defendant's homeworkers are engaged in the production of goods for interstate commerce, within the meaning of the Fair Labor Standards Act of 1938.

3. The defendant is subject to the provisions of Wage Order, Part 633 for the Embroideries Industry and the goods produced by its homeworkers are included within the definition of the Embroideries Industry contained therein.

4. The defendant has failed to make, keep and preserve records of its homeworkers, and of the wages, hours and other conditions and practices of employment maintained by it, as prescribed by the Regulations of the Administrator, issued, and from time to time amended, pursuant to Section 11(c) of the Act, and found in Title 29, Chapter V, Code of Federal Regulations, Part 516.

5. The defendant has, contrary to the provisions of the Fair Labor Standards Act of 1938, employed, suffered, and permitted, and is employing, suffering, and permitting, certain of its employees to do work, in the Embroideries Industry, in the production for interstate commerce, in or about a home, apartment, tenant, or room, in a residental establishment, without having obtained special homework certificates for such employees in accordance with the terms and conditions of the wage order for the Embroideries Industry, Title 29, Chapter V, Code of Federal Regulations, Part 633.

6. The administrator's authority to promulgate wage orders is found in Section 8 of the Fair Labor Standard Act of 1938.

7. Section 8(f) of the Fair Labor Standards Act authorizes the Administrator to include in a wage order "such terms and conditions as the Administrator finds necessary to carry out the purposes of such orders, to prevent the circumvention or evasion thereof, and to safeguard the minimum wage rates established therein."

8. A violation of a term or condition of a wage order is a violation of Sections 6(a) (4) and 15(a) (2). The terms and conditions of such wage orders are an integral part of the wage rate fixed in the order, and the direction to employers to pay wages not less than those fixed by the Administrator under Section 8 includes the requirement that they observe the incidental and subsidiary terms and conditions lawfully included to safeguard the rates and prevent their circumvention or evasion.

9. This Court as a court of equity, in accordance with its traditional practices, as conditioned by the necessity of the public interest, in order to effectively en-

join continued violations of Section 6(a)(4) of the Act, may properly include in its decree such terms and conditions as are necessary to effectuate the maintenance of the minimum wage rate set up by the statute.

10. The plaintiff has shown cause for the issuance of an injunction, pendente lite, under Section 17 of the Fair Labor Standards Act of 1938.

11. The plaintiff is entitled to the issuance of an injunction, pendente lite, as authorized by Section 17 of the Fair Labor Standards Act of 1938.